IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRYZELL BATIE, # 20150918285,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 17-cv-720-JPG |
| | ) |
| **J. MOUNT,** | ) |
| **LT. HANES,** | ) |
| **SHERYL,** | ) |
| **and BONNIE MAY,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at the Cook County Department of Corrections ("CCDC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was detained at the Jefferson County Jail ("the Jail"). Plaintiff raises a number of claims, including being confined in disciplinary segregation without due process, deliberate indifference to a serious dental condition, and substandard conditions of confinement. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

The Complaint was filed shortly after Plaintiff was transferred from the Jail back to his original housing facility, the CCDC. (Doc. 1, p. 2).

At around 10:30 a.m. on March 15, 2017, Plaintiff was sent to the Jail's segregation unit and remained there for 10 days without any hearing on his disciplinary ticket. (Doc. 1, p. 9). At

approximately 3:30 p.m. on March 15, 2017, Lt. Hanes came to Plaintiff's segregation cell and told Plaintiff to sign papers containing the hearing board finding that Plaintiff was guilty of the disciplinary charges. (Doc. 1, pp. 9-10). Plaintiff refused to sign, telling Hanes that he had not been given a hearing. Hanes threatened Plaintiff with 20 more days in segregation if he did not sign. Plaintiff insisted he would not sign until he was given a hearing. Hanes responded, "this is your hearing," explaining that Captain Mount had printed out some emails, and Hanes made his decision based on them. (Doc. 1, p. 10). When Plaintiff still refused to sign, Hanes became "very aggressive" and pulled out his taser gun. *Id.* Hanes told Plaintiff to "sign the f***ing ticket or get f***ed up." *Id.* Plaintiff would not sign, so Hanes entered the cell and punched Plaintiff twice in the face. Hanes then told Plaintiff he would be doing 30 days in the hole since he wouldn't sign the papers. (Doc. 1, p. 11). This incident was still under investigation by the sheriff's office when Plaintiff filed the instant Complaint.

Plaintiff wrote grievances requesting a hearing on the disciplinary charges that led to his placement in segregation, but Mount responded that Plaintiff had been given a hearing on March 15. (Doc. 1, p. 9).

On March 6, 2017, Plaintiff submitted a medical grievance asking for 2 painful wisdom teeth to be pulled. (Doc. 1, p. 11). Nurse Sheryl told Plaintiff that an appointment was made for him. However, the appointment never happened. Plaintiff made several other requests, and filed grievances to Mount, but Sheryl never made him a dental appointment. At some point, Plaintiff was taken to see the nurse (it is not clear whether this was Sheryl). The nurse looked in Plaintiff's mouth and told him that if he waited for the teeth to fully grow in, the pain would stop. (Doc. 1, p. 12). When Plaintiff insisted that he needed to see a dentist because it could take months for the teeth to grow in, the nurse responded that she would have to ask Mount

3

before an appointment could be made.  No appointment was ever set, and Plaintiff continued to suffer pain from the wisdom teeth.  Plaintiff's grievances to Mount were never answered.

On May 4, 2017, Lt. May refused to give Plaintiff toilet tissue, stating that each inmate was allowed only one roll per week.  (Doc. 1, p. 12).  Plaintiff's grievance over the tissue refusal was denied, and he received no response to his attempt to file an emergency grievance with the Captain.  (Doc. 1, p. 13).

On May 5, 2017, Plaintiff re-filed his medical grievances.  Nurse Sheryl told Plaintiff that Mount had instructed her not to respond to any medical request.  Plaintiff believes Mount told all Jail employees to ignore grievances.  (Doc. 1, p. 13).

Beginning on March 1, 2017, Plaintiff submitted several grievances to Mount, May, and Hanes regarding inadequate meal portions and poor nutritional value of the food served at the Jail. (Doc. 1, pp. 13-14). Breakfast, for example, consisted of a half-pint of skim milk and a cup of cereal, which Plaintiff believes to be less than a full cup.  Dinner was 2 undercooked cookies, a scoop of peanut butter with 2 slices of white bread, and a half ounce of pretzels.  Some inmates became dizzy due to hunger.  Plaintiff's complaints were ignored.  (Doc. 1, p. 14).

Plaintiff complained to Mount that his housing unit had not been allowed to have recreation for routine exercise.  Mount responded that recreation was a privilege, and because of the size of the "deck," Plaintiff's unit did not have to go to recreation.  (Doc. 1, p. 14).

Finally, Plaintiff claims that Mount and May have been purposely erasing grievances and requests filed by Plaintiff on the Jail's kiosk machine.  (Doc. 1, p. 14).  Mount admitted the destruction to Plaintiff, saying he was not going to help Plaintiff file a lawsuit on him.  Mount further refused to give Plaintiff copies of grievances and gave him a false address for the FOIA office.

Plaintiff seeks compensatory and punitive damages. (Doc. 1, p. 15).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Hanes and Mount punished Plaintiff with segregation without due process;
>
> **Count 2:** Hanes used excessive force against Plaintiff when he punched Plaintiff in the face;
>
> **Count 3:** Sheryl and Mount were deliberately indifferent to Plaintiff's need for treatment of his painful wisdom teeth;
>
> **Count 4:** May refused to provide Plaintiff with more than one roll of toilet tissue per week;
>
> **Count 5:** Mount, May, and Hanes failed to provide nutritionally adequate meals at the Jail;
>
> **Count 6:** Mount refused to allow Plaintiff access to recreation/exercise outside his housing deck;
>
> **Count 7:** Mount and May interfered with the grievance process by destroying grievances, refusing to give Plaintiff a correct FOIA address, and refusing to make copies of Plaintiff's grievances.

Counts 1, 2, and 3 shall proceed for further consideration. Counts 4-7 shall be dismissed for failure to state a claim upon which relief may be granted.

## Count 1 – Segregation Punishment without Due Process

For the purpose of this merits review, the Court will assume that Plaintiff is being held as

a pretrial detainee in the Cook County Department of Corrections and, for the relevant time, in the Jefferson County Jail. Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005); *Murphy v. Walker*, 51 F.3d 714, 718 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991).

The Seventh Circuit has indicated that "any nontrivial punishment of a [pretrial detainee is considered] a sufficient deprivation of liberty to entitle him to due process of law." *Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005). Thus, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). Procedural protections are required within a reasonable time of the imposition of any punishment. *See Holly*, 415 F.3d at 680-82 (hearing for detainee within 48 hours of placement in segregation did not violate due process; hearing need not take place prior to imposition of punishment); *see generally Wolff v. McDonnell*, 418 U.S. 539 (1974). On the other hand, "no process is required if [a pretrial detainee] is placed in segregation not as punishment but for managerial reasons." *Higgs*, 286 F.3d at 438.

In *Wolff*, the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or is otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-72.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a

> right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *see also Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007); *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

In Plaintiff's case, he claims that Hanes and Mount placed him in segregation without giving him any hearing or allowing him to present a defense. He spent at least 10 days in segregation (he does not say whether Hanes carried out his threat to keep Plaintiff there for another 20 days). Taking Plaintiff's allegations as true, the lack of any process whatsoever before punishing Plaintiff with segregation indicates that he was deprived of a liberty interest without due process. The Fourteenth Amendment claim in **Count 1** shall therefore proceed for further review against Hanes and Mount.

### Count 2 – Excessive Force

"[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). *Kingsley* established that for an excessive force claim brought by a detainee, the relevant question is whether the force used was objectively reasonable. The plaintiff is not required to prove that the defendant acted with the subjective intent to punish or inflict harm. *Kingsley*, 135 S. Ct. at 2472-74. *See also Bell v. Wolfish*, 441 U.S. 520, 561 (1979) (pretrial detainee may demonstrate a constitutional violation where a defendant's actions are not "rationally related to a legitimate nonpunitive governmental purpose"

7

or where the actions "appear excessive in relation to that purpose").

In the Complaint, Plaintiff alleges that immediately after the verbal dispute that ensued over Hanes' demand that Plaintiff sign disciplinary papers and Plaintiff's refusal to sign, Hanes entered his cell and punched Plaintiff twice in the face. This use of force, under the circumstances Plaintiff describes, was not objectively reasonable. Accordingly, Plaintiff may proceed with the claim in **Count 2** against Hanes.

### Count 3 – Deliberate Indifference to Serious Dental Condition

As with the claims discussed above, a pretrial detainee's claim for deliberate indifference to medical care is considered under the Due Process Clause of the Fourteenth Amendment. Detainees are entitled to the same sort of protection against deliberate indifference as convicted inmates have under the Eighth Amendment. *See Williams v. Romana*, 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011). To state a claim for deliberate indifference to medical care, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

A medical need is "serious" for deliberate indifference purposes where it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111

F.3d 1364, 1371 (7th Cir. 1997). The Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001).

In Plaintiff's case, he claims that he suffered pain from his wisdom teeth, and received no treatment or referral to a dentist from Nurse Sheryl. The Complaint also indicates that Capt. Mount was informed of Plaintiff's dental needs through Plaintiff's grievances. Nurse Sheryl also would have informed Mount of Plaintiff's condition, if she followed through with consulting him about Plaintiff's request for a dental appointment. However, Mount took no steps to see that Plaintiff received care. It appears that Plaintiff lived with this painful condition in the Jail for close to 3 months, between his March 6, 2017, dental request and his May 29, 2017, transfer to CCDC. At this early stage, the claim that Sheryl and Mount did nothing to address Plaintiff's dental condition survives review under § 1915A. **Count 3** shall therefore proceed for further consideration.

### Dismissal of Count 4 – Sanitary Supplies

This count is based on Plaintiff's claim that May refused to provide him with more than one roll of toilet tissue per week.

A pretrial detainee's claims relating to unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims for convicted prisoners. *Id.* As the Seventh Circuit explained:

> [A] pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while a convicted

9

> prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In both cases, however, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind.

*Smith*, 803 F.3d at 309.

The Seventh Circuit has historically applied the same standards to conditions claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *See Smith*, 803 F.3d at 309-10; *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008). For 'cruel and unusual punishment' claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008). The objective element of such a claim requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The second, subjective element focuses on the defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. To satisfy this element, a plaintiff must show that "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, __U.S.__, 135 S. Ct. 2466, 2472 (2015)).

In Plaintiff's case, he presents a reasonable argument that the average inmate may need more than one roll of toilet tissue each week in order to meet his personal hygiene needs. (Doc. 1, pp. 13-14). However, Plaintiff never alleges that he personally suffered any health or hygiene problems as a result of the toilet tissue limitation, or even that he ever ran out of tissue. As such,

the Complaint does not show that Plaintiff faced an objectively serious, excessive risk to his health or safety because of the denial of extra toilet tissue. **Count 4** therefore fails to state a claim upon which relief may be granted, and shall be dismissed without prejudice.

**Dismissal of Count 5 – Meals**

The same legal standards outlined under Count 4 above apply to Plaintiff's claim that the Jail failed to provide a sufficient quantity of food at meals, and that the meals were nutritionally inadequate.

In order to determine whether an outright denial of food or an allegedly inadequate diet violates the Constitution, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong). A prisoner who has been denied sufficient food or adequate nutritional content to maintain normal health may state a viable constitutional claim.

Here, Plaintiff makes general statements that some meal portions were too skimpy and lacked nutritional value. He claims that Mount was "told about people being dizzy" because of hunger. (Doc. 1, p. 14). However, Plaintiff does not mention that he personally suffered any health issues or symptoms as a result of the Jail's food portions or meal content. Nor does he describe how often he was served meals such as the examples he describes. In order to state a claim, Plaintiff must show that he was subjected to conditions that posed an objectively serious risk of harm to his health, depriving him of "the minimal civilized measure of life's necessities." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). He cannot maintain a civil rights claim based

on vague allegations of harm to inmates in general. *See Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (plaintiff lacks standing in § 1983 action where he alleges that inmates generally are treated in contravention to the Constitution, but not that plaintiff's own rights were violated).

Based on the facts alleged in the Complaint, the Court cannot conclude that Plaintiff faced an objectively serious threat of harm from the Jail diet. Therefore, **Count 5** shall be dismissed at this time without prejudice.

### Dismissal of Count 6 – Recreation/Exercise

The Seventh Circuit has noted that a "[l]ack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the individual is threatened." *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986). However, the court observed that "[u]nless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation." *Harris*, 839 F.2d at 1236. The length of time an inmate was prevented from exercising or engaging in physical activity is important in determining whether a constitutional violation has occurred. *See Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001) (collecting cases). The characteristics of the prisoner's cell or housing area are also a factor; a denial of out-of-cell recreation or yard time may not amount to a constitutional violation if the inmate has sufficient space to exercise inside the cell or dayroom. *See Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013) (plaintiff stated Eighth Amendment claim where cumulative effect of repeated lockdowns deprived him of yard privileges, and cell was too small for physical activity).

In Plaintiff's case, he claims that inmates on his housing unit ("deck") had not been allowed recreation time for routine exercise. He does not indicate the length of time that this

12

deprivation continued. The response to Plaintiff's grievance stated that because of the size of Plaintiff's deck, his unit did not have to go to recreation. The Complaint does not further clarify the situation. If the deck was a sufficient size to allow inmates to exercise within that area, Plaintiff may not be able to sustain a constitutional claim for the denial of recreation time elsewhere on the premises. The limited information in the Complaint does not indicate that Plaintiff was deprived of the ability to exercise or that he faced an excessive risk to his health because of the denial of recreation time. Therefore, **Count 6** shall also be dismissed without prejudice.

## Dismissal of Count 7 – Grievances

Plaintiff's complaint that Mount and May destroyed his grievances, refused to provide him with copies of them, and failed to give him the correct address to make a FOIA request does not give rise to a viable claim. An official's mishandling of grievances or failure to respond to them does not implicate any constitutional right.

Plaintiff's efforts to exhaust his administrative remedies by using the jail's grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's ability to maintain a § 1983 suit over the substantive matters raised in the grievances. *See* 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Nonetheless, a Defendant's action or inaction in handling Plaintiff's grievances does not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of prison or jail officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir.

1982). For these reasons, the claim in **Count 7** shall be dismissed from the action with prejudice.

## Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

## Disposition

**COUNTS 4, 5, and 6** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 7** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Defendant **MAY** is **DISMISSED** from this action without prejudice.

As to **COUNTS 1, 2, and 3,** the Clerk of Court shall prepare for Defendants **MOUNT, HANES,** and **SHERYL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address

shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 20, 2017**

*s/J. Phil Gilbert*
United States District Judge